UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROGER STONE, | Civil Action No. 19-21052 (SDW) |
| Petitioner, | |
| v. | OPINION |
| UNITED STATES OF AMERICA, et al., | |
| Respondents. | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Roger Stone, purportedly filed pursuant to 28 U.S.C. § 2241 which seeks to challenge his guilty verdict in the District of Columbia and other miscellaneous government actions. (ECF No. 1). As Petitioner paid the applicable filing fee, this Court is required by Rule 4 of the Rules Governing Section 2254 Cases, which is applicable to § 2241 petitions through Rule 1(b), to preliminarily review the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the following reasons, this Court will dismiss the petition for lack of jurisdiction.

**I. BACKGROUND**

Petitioner, Roger Stone, who is apparently currently confined in the Alleghany County Jail in Pittsburgh, Pennsylvania,[1] was tried and found guilty of obstruction of justice, witness tampering, and making false statements to Congress in November 2019 in the United States

---

[1] Petitioner mailed his current petition from the Alleghany County Jail, but also states in his habeas petition that he is out on bond. It is thus not clear from the petition whether he is currently confined in the Jail or if he has been released on bond pending sentence.

1

District Court for the District of Columbia. (ECF No. 1 at 3). Petitioner has not yet been sentenced. (*Id.* at 2). On or about December 3, 2019, Petitioner submitted his current petition which he contends is a "dual" petition raising both § 2241 claims and § 2255 claims. (*Id.* at 5). In that petition, Petitioner seeks to challenge his indictment, the Magistrate Judge's authority to take his not guilty plea, the issuing and service of grand jury subpoenas, the use of FISA surveillance against him prior to his arrest, the constitution of his grand jury, and the use of certain criminal statutes which he contends have been unconstitutionally applied to him as the basis for his convictions in the District of Columbia. (*Id.* at 6-9). Petitioner requests that his conviction be vacated, that he be released, and that government surveillance of him end.

## II. DISCUSSION

### A. Legal Standard

Pursuant to either Rule 4 of the Rules Governing Section 2254 Cases or Rule 4 of the Rules Governing Section 2255 Proceedings, this Court must preliminarily review habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to these rules, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### B. Analysis

Petitioner seeks to bring a habeas petition challenging actions taken in the District of Columbia in this court via § 2241. The presumptive means to challenge a federal conviction or sentence is the filing of a motion to vacate sentence under § 2255 in the district which imposed the

sentence in question, *see Okereke v. United States*, 307 F.3d 117, 120-21 (3d Cir. 2002); 28 U.S.C. § 2255(a). Because Petitioner has not yet been sentenced, however, relief under § 2255 is not yet available, and he could only acquire habeas relief prior to the issuance of his sentence and any appeal by pursuing his claims as part of a habeas petition instead filed pursuant to § 2241. Although § 2241 has the capability of providing a jurisdictional basis for a challenge to confinement in violation of the Constitution prior to trial or a sentence, it does not follow that the habeas statute may be used as an end-run around criminal motion practice or appeal. *See, e.g., Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 246 (3d Cir. 2018). As the Third Circuit has explained,

> [E]ven in cases where the habeas court has the authority to grant relief, it must consider "whether this be a case in which that power ought to be exercised." [*Munaf v. Geren*, 553 U.S. 674, 693 (2008).]
> . . .
>
> Courts have consistently refused to exercise their habeas authority in cases where federal prisoners have sought relief before standing trial. Instead, courts have long stressed that defendants should puruse the remedies available within the criminal action. *See, e.g,. Jones v. Perkins*, 245 U.S. 390, 391 [] (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547, 551 [] (1905) (vacating order granting habeas relief to federal pretrial detainees because there was "nothing in this record to disclose that there were any special circumstances which justified a departure from the regular course of judicial procedure" of pretrial motions and, if necessary, appeal); *see also Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017) (adopting "the general rule that § 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial").[]
>
> Funneling requests for pretrial relief through the criminal action encourages and orderly, efficient resolution of the issues, maintains respect for the appellate process and prevents duplication of judicial work and judge-shopping. *See United States v. Addonizio*, 442 U.S. 178, 184 n. 10 [] (1979) (explaining that "the writ of habeas corpus should not do service for an appeal," and that

3

> "[t]his rule must be strictly observed if orderly appellate procedure is to be maintained"[]); *see also Medina*, 875 F.3d at 1028-29 (identifying similar interests."

*Reese*, 904 F.3d at 246-47.

Although Petitioner has been tried and found guilty, he is not yet subject to a final judgment of conviction as he has not been sentenced. He still has available to him in his criminal matter various post-trial motions and, ultimately, appeal. As such, any habeas claims he may have should be funneled through the proper criminal process in the court in which he was tried – the District Court for the District of Columbia – and not before this Court. *Id.* Petitioner may not use § 2241 as a means to escape from his court of conviction or to evade standard criminal procedure. *Id.* If he wishes to raise his current claims, he must do so in his criminal matter or through direct appeal, or he may wait until after he is sentenced and seek relief under § 2255 in the District in which he is sentenced.

Even were Petitioner able to raise his current claims outside of his court of conviction, he would face an additional jurisdictional hurdle which would prevent this Court from granting him relief via a habeas petition. As the Supreme Court explained in *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004), district courts "are limited to granting habeas relief within their respective jurisdictions." This rule "require[s] 'nothing more than that the court issuing the writ have jurisdiction over the custodian'" of the facility in which the detainee is imprisoned. *Id.* (quoting *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973)); *see also Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994) ("[a] district court's habeas corpus jurisdiction is territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district"). As Petitioner is apparently detained, to the extent he is currently incarcerated, in Pittsburgh, Pennsylvania, in the custody of a custodian outside of this District, this Court has no

jurisdiction over his custodian or Petitioner's § 2241 petition. Petitioner's current habeas petition must be dismissed for that reason as well.[2]

**III. CONCLUSION**

For the reasons stated above, Petitioner's habeas petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE. An appropriate order follows.

Dated: December 9, 2019                  *s/Susan D. Wigenton*
                                                       Hon. Susan D. Wigenton,
                                                       United States District Judge

---

[2] In his habeas petition, Petitioner requests that his petition be transferred "if necessary." (ECF No. 1 at 8). Although this Court is authorized to transfer a habeas petition "to any other such court in which the action ... could have been brought at the time it was filed," *see* 28 U.S.C. § 1631, this Court finds that no such transfer is warranted as Petitioner's attempted use of the writ of habeas corpus would be improper even if it had been filed in the District in which he is apparently confined – the Western District of Pennsylvania, which is subject to the same binding authority which mandates the dismissal of Petitioner's attempted pre-sentence habeas petition. As a transfer of this petition would thus be fruitless insomuch as the Western District would also be required to refuse to consider Petitioner's pre-sentence petition, a transfer of this matter is not warranted. If Petitioner wishes to file further criminal motions or a § 2255 motion after his sentence in the District of Columbia, he is free to do so.